USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/5/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILANDER PHILIPPEAUX,

Plaintiff,

v.

ALVIN ERNEST ENTIN, ENTIN & DELLA
FERA, P.A., JOYCE LONDON, JOYCE
LONDON, P.C., AND CHRISTOPHER
MADIOU, ESQ.,

Defendants.

No. 19-CV-2205 (RA)

ORDER ADOPTING REPORT AND
RECOMMENDATION

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Philander Philippeaux, proceeding *pro se*, filed this action on March 11, 2019, asserting legal malpractice and related claims against his former criminal defense attorneys and their law firms, Alvin Ernest Entin, Entin & Della Fera, P.A. (together, "Entin"), Joyce London, Joyce London, P.C. (together, "London"), and Christopher Madiou.[1] On July 19, 2019, Defendants moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkts. 35, 36, 40. On January 13, 2020, Magistrate Judge Sarah Netburn issued a Report and Recommendation (the "Report"), recommending that the Court grant each of Defendants' motions and dismiss this case with prejudice. *See* Dkt. 62. On January 27, 2020, Plaintiff filed objections to the Report. *See* Dkt. 64. To date, Defendants have not filed any responses to the Objections.

The Court assumes the parties' familiarity with the facts, as outlined in detail in the Report,

---

[1] London and Madiou were Plaintiff's trial counsel, while Entin was Plaintiff's appellate counsel. *See* London Mot., Dkt. 38, at 3-4; Entin Mot., Dkt. 41, at 7.

as well as in the January 7, 2020 Report and Recommendation issued in the related habeas case, *see* No. 18-cv-5974, Dkt. 28. For the following reasons, the Court adopts Judge Netburn's thorough and well-reasoned Report in its entirety. Defendants' motion to dismiss are therefore granted.

## LEGAL STANDARDS

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b)(3)). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Id.* (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Moreover, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Crum v. Billingsby*, No. 11 Civ. 2979 (GBD) (RLE), 2014 WL 2855030, at *1 (S.D.N.Y. June 20, 2014) ("[W]here the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [complaint], reviewing courts should review a report and recommendation for clear error.") (citation omitted). "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Stenson v. Heath*, No. 11-CV-5680

(RJS) (AJP), 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (citation omitted).

The Court must also be mindful that a *pro se* litigant's submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Restea v. Brown Harris Stevens LLC*, No. 17-CV-4801 (VEC) (GWG), 2018 WL 3435060, at *1 (S.D.N.Y. July 16, 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Crum*, 2014 WL 2855030, at *1 (citation omitted).

## DISCUSSION

Plaintiff makes two main objections to the Report. First, Plaintiff objects to the fact that the Report considered that he could be viewed as a citizen of either Florida or New York when determining whether the Court has diversity jurisdiction under 28 U.S.C. § 1332. *See* Obj. at 1, 3. Although it appears undisputed that both Plaintiff and Entin are citizens of Florida, thereby destroying diversity of citizenship,[2] the Report nonetheless did not err in giving Plaintiff the benefit of the doubt—construing Plaintiff's submissions "liberally" and "to raise the strongest arguments that they suggest," *Restea*, 2018 WL 3435060, at *1—in evaluating whether there is any possibility that diversity of citizenship is present here. The Report also did not err, however, in concluding that diversity of citizenship is destroyed regardless of whether Plaintiff is considered a citizen of Florida or a citizen of New York. Plaintiff brought this action against Entin, a citizen of Florida, and London, a citizen of New York. Accordingly, under *either* determination as to

---

[2] Plaintiff repeatedly states that he is a citizen of Florida. *See, e.g.*, Obj. at 2, 3, 5; Compl. at 2; Opp'n, Dkt. 44, at 1.

Plaintiff's citizenship, diversity of citizenship is destroyed. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."). The Report therefore correctly concluded that the Court lacks diversity jurisdiction in this case.[3]

Second, Plaintiff objects to the Report's finding that the Court lacks federal question jurisdiction under 28 U.S.C. § 1331 because, as he contends, the claims against Entin "involved federal law," as they "arise under the Constitution or treaties of the United States." *See* Obj. at 3. Plaintiff, however, does not point to any federal law or statute from which his claims arise. Moreover, Plaintiff asserted this same argument in his opposition, *see* Opp'n at 2, and the Report correctly rejected it since Plaintiff's claims "are tort claims rooted in state law." Report at 7; *see also Russell v. Legal Aid Soc'y of N.Y.*, 200 F. App'x 37, 37-38 (2d Cir. 2006) (finding that a claim for legal malpractice, a state law claim, does not support federal question jurisdiction under 28 U.S.C. § 1331); *Munoz v. Tiano's Constr. Corp.*, No. 11 Civ. 3023 (DAB) (HBP), 2012 WL 7037349, at *3 (S.D.N.Y. June 22, 2012) ("Read leniently, the complaint alleges legal malpractice against [defendant], and there is no federal statute under which such a claim arises."). The Court finds no clear error in this conclusion.

---

[3] In another part of his Objections, Plaintiff asserts, for the first time and in conclusory fashion, that he is a "foreign citizen who carries a foreign passport with a Florida Identification Number . . . , and an Alien Identification number . . . ." Obj. at 4. As an initial matter, Plaintiff's assertion that he is a foreign citizen or an alien for diversity purposes was not raised in his Complaint or in his opposition to the motions to dismiss, and may not be raised for the first time in his Objections. *See Roukis v. U.S. Army*, No. 10-cv-2219 (RA), 2014 WL 6238416, at *6 (S.D.N.Y. Nov. 14, 2014) ("It is true that '[a]n objecting party may not raise new arguments that were not made before the Magistrate Judge,' . . . and that '[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation.'") (citations omitted). In any event, even if the Court were to consider this argument, it would still find that there is no diversity of citizenship here because Plaintiff's citizenship is based only on his one domicile, which is Florida, and is not affected by his carrying a foreign passport or having an alien identification number. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . . Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.' . . . At any given time, a person has but one domicile.") (citations omitted).

In sum, the Court finds no error—clear or otherwise—in Judge Netburn's Report. *See Walker*, 216 F. Supp. 2d at 292. Even if the Court were to review the Report *de novo*, its conclusion would be the same, and would rest on the same reasoning as that articulated by Judge Netburn.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Accordingly, Defendants' motions to dismiss are granted, and this case is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the motions pending at Dkts. 35, 36, and 40, mail a copy of this Order to Plaintiff, and close this case.

SO ORDERED.

Dated:    February 5, 2020
          New York, New York

                                      Ronnie Abrams
                                      United States District Judge