USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/26/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILANDER PHILIPPEAUX,

    Plaintiff,

v.

ALVIN ERNEST ENTIN, ENTIN & DELLA FERA, P.A., JOYCE LONDON, JOYCE LONDON, P.C., AND CHRISTOPHER MADIOU, ESQ.,

    Defendants.

No. 19-CV-2205 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On February 10, 2020, Plaintiff Philander Philippeaux filed a motion to alter or amend the Court's Order dated February 5, 2020 (the "Order," *see* Dkt. 65) pursuant to Federal Rule of Civil Procedure 59(e). *See* Dkt. 67 ("Mot."). Plaintiff contends that the Order, adopting the January 13, 2020 Report and Recommendation issued by Magistrate Judge Netburn (the "Report," *see* Dkt. 62) "rests on manifest errors of fact and law." Mot. at 4. For the reasons that follow, Plaintiff's motion is denied.

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011). Motions for reconsideration under Rule 59(e) are properly granted only upon a showing of "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The standard for granting a Rule 59(e) motion is strict and reconsideration is generally denied as a Rule 59(e) motion is not a vehicle for reargument or asserting arguments that could and should have been made before judgment issued." *Weiss v. City of New York*, No. 96-CV-8281 (LTS) (MHD), 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003) (internal quotation marks and citation omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Plaintiff does not assert any "intervening change in controlling law" or new evidence. Rather, Plaintiff raises only one argument in support of his suggestion that reconsideration is necessary to "prevent a clear manifest injustice": that he is a not a United States citizen and therefore the Court has diversity jurisdiction over this action. *See* Mot. at 1-3. Throughout this proceeding, however, Plaintiff repeatedly asserted that he is a citizen of Florida, the state where he is incarcerated. *See, e.g.*, Compl. at 2; Opp'n, Dkt. 44, at 1; Obj., Dkt. 64, at 2, 3, 5. Moreover, the Presentence Investigation Report filed in Plaintiff's underlying criminal case makes clear that Plaintiff is a permanent resident of Florida, *see* No. 13-cr-277, Dkt. 106 at 2, that he "immigrated to [the United States] with his mother on September 27, 1987," that he "became a legal permanent resident on October 17, 1990," and that "since he came to the U.S., he has lived only in Florida," *id.* at 9.[1] Here, the Court finds no "clear error" or "manifest injustice" in its determination that

---

[1] The Report also specifically considered that, while a "prisoner is presumed to be [a] citizen of the state where he was domiciled before he was incarcerated, . . . that presumption is rebuttable where a prisoner shows by a preponderance of the evidence that he has made the state of incarceration his new domicile." Report at 5. Because Plaintiff had alleged that he is a citizen of Florida and no defendant had challenged Plaintiff's citizenship allegation, the Report "assume[d] that Plaintiff was a citizen of Florida before he was incarcerated." *Id.* at 6. Indeed, the Presentence Investigation Report cited above confirms that this assumption was valid.

2

Plaintiff is a citizen of Florida for diversity purposes, and that therefore, this Court lacks subject matter jurisdiction over this action. Accordingly, Plaintiff's motion to alter or amend the Order under Rule 59(e) is denied.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 67 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    February 26, 2020
              New York, New York

                                            Ronnie Abrams
                                            United States District Judge